NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

March 11, 2021

Steven I. Adler, Esq.
Mohamed H. Nabulsi, Esq.
Boris Peyzner, Esq.
Mandelbaum Salsburg, P.C.
3 Becker Farm Road, Suite 105
Roseland, NJ 07068
*Counsel for Plaintiff*

Kevin F. Buckley, Esq.
Craig R. Rygiel, Esq.
Katharine Anne Lechleitner, Esq.
Mound Cotton Wollan & Greengrass LLP
One New York Plaza, 44th Floor
New York, NY 10004
*Counsel for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Arash Emami, M.D., P.C., Inc. v. CNA and Transportation Ins. Co.,**
           **Civil Action No. 20-18792 (SDW) (LDW)**

Counsel:

    Before this Court is Defendant Transportation Insurance Company's ("Defendant")[1] Motion to Dismiss Plaintiff Arash Emami, M.D., P.C., Inc.'s[2] ("Plaintiff" or "University Spine") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendant's motion.

---

[1] Although CNA is also a named defendant, and joined in the motion to dismiss, Plaintiff agrees to voluntarily dismiss CNA as a party, based on defense counsel's representations that CNA has no contractual relationship with Plaintiff. (*See* D.E. 12 at 1 (stating that Plaintiff "is prepared to dismiss CNA without prejudice").) Therefore, this Court refers only to Transportation Insurance Company in this decision.
[2] Plaintiff operates as University Spine and will be referred to as such.

**DISCUSSION**

    A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    B. Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted

This Court writes only for the parties and assumes their familiarity with the procedural and factual history of this matter. Plaintiff is a medical facility located in New Jersey specializing in "spine surgeries and related procedures." (D.E. 1-1 ¶ 1.) When the COVID-19 pandemic reached the United States in early 2020, governors across the country, including the governor of New Jersey, issued emergency orders (the "Orders") to prevent the spread of the virus. (*Id.* ¶¶ 13-30.) In New Jersey, those orders included Executive Order 109 which prohibited "elective surgeries and all elective invasive medical procedures" for a period of two months and was later amended to allow those procedures to resume "subject to certain restrictive guidelines designed to stop the spread of the virus." (*Id.* ¶¶ 26-29; D.E. 9-5.) Plaintiff contends that because the Orders curtailed its ability to provide medical care, it suffered "a dramatic decrease in its business and has been forced to furlough employees, thereby incurring millions of dollars of business loss, damage and expenses." (*Id.* ¶ 31.)

Plaintiff now seeks to recover under a commercial property insurance policy issued by Defendant (the "Policy")[3] which provides coverage for "direct physical loss of or damage to Covered Property at the premises," including: 1) "actual loss of Business Income you sustain due to the necessary 'suspension' of your 'operations' during the 'period of restoration'" where the suspension was caused by "direct physical loss of or damage to property;" 2) expenses incurred "during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or damage to property;" and 3) income and expense losses "caused by action of civil authority that prohibits access to the described premises" where that action is "due to direct physical loss of or damage to property at locations, other than described premises." (*Id.* Ex. A at

---

[3] The Policy, No. B 6020875374, was in effect from December 16, 2019 to December 16, 2020. (D.E. 1-1 Ex. A.)

31, 48-49, 53-54, 79.) Defendant denied Plaintiff's request for coverage on August 11, 2020. (*Id.* Ex. B, C.)

On October 5, 2020, Plaintiff brought suit in the Superior Court of New Jersey, Law Division, Passaic County, raising claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith, and seeking declaratory and injunctive relief. (D.E. 1-1.) Defendant removed to this Court on December 11, 2020 and subsequently moved to dismiss. (D.E. 1-1, 9, 12, 14.)

Plaintiff has failed to meet its burden to show that its claim falls "within the basic terms of the [Policy]." *See, e.g. Arthur Anderson LLP v. Fed. Ins. Co.*, 3 A.3d 1279, 1287 (N.J. Super. Ct. App. Div. 2010). The Policy unambiguously limits coverage to physical loss or damage to Plaintiff's commercial property. Each of the coverage provisions Plaintiff relies on specifically requires "direct physical loss of or damage to property" to trigger coverage. (*See* D.E. 1-1 Ex. A at 31, 48-49, 53-54, 79.) Here, Plaintiff has not alleged any facts that support a showing that its properties were physically damaged. Instead, Plaintiff pleads that the Orders limited access to its facility and restricted Plaintiff's ability to provide medical care which caused Plaintiff to lose income and incur expenses.[4] This is not enough.[5] *See, e.g. Mac Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co.*, No. L-2629, slip op. at *5-7 (N.J. Super. Ct. Law Div. Nov. 5, 2020). Although this Court is sympathetic to the very real losses businesses have suffered during this pandemic, it cannot grant Plaintiff the relief it seeks.[6]

---

[4] Plaintiff also alleges that one of its employees and five of its patients tested positive for COVID-19, (*see* D.E. 1-1 ¶¶ 21-23), although it is not clear how those allegations relate to its insurance coverage. *See Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, Civ. No. 20-907, 2020 WL 5847570, at *1 (S.D. Cal. Oct. 1, 2020) (holding that "the presence of the virus itself, or of individuals infected [with] the virus, at Plaintiff's business premises or elsewhere do not constitute direct physical losses of or damage to property").

[5] Nor is this Court persuaded by Plaintiff's argument that the absence of a virus exception in the Policy is "evidence that Defendant[] intended the Policy to provide coverage in situations" such as this one. (See D.E. 12 at 2.) Because Plaintiff cannot show coverage under the express terms of the Policy, the supposed failure of Defendant to include an optional exclusion in the Policy terms has no bearing on this Court's decision.

[6] This Court is not alone in this finding, as numerous other federal courts have reached the same conclusion in suits involving similar policy terms. *See, e.g. Café Plaza de Mesilla, Inc. v. Cont'l Cas. Co.*, Civ No. 20-354, 2021 WL 601880, at *5-6 (D.N.M. Feb. 16, 2021); *ATCM Optical, Inc. v. Twin City Fire Ins. Co.*, Civ. No. 20-4238, 2021 WL 131282, at *4-8 (E.D. Pa. Jan. 14, 2021); *Part Two LLC v. Owners Ins. Co.*, Civ. No. 20-1047, 2021 WL 135319, at *3-4 (N.D. Ala. Jan. 14, 2021); *Riverwalk Seafood Grill, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3768, 2021 WL 81659, at *3-4 (N.D. Ill. Jan. 7, 2021); *Boulevard Carroll Entm't Grp., Inc. v. Fireman's Fund Ins. Co.*, Civ. No. 11771, 2020 WL 7338081, at *2 (D.N.J. Dec. 14, 2020); *Chattanooga Prof'l Baseball Inc. v. Baseball LLC*, Civ. No. 20-01312, 2020 WL 6699480, at *3 (D. Ariz. Nov. 13, 2020); *N&S Rest v. LLC v. Cumberland Mut. Fire Ins. Co.*, Civ. No. 20-05289., 2020 WL 6501722, at *2-4 (D.N.J. Nov. 5, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, Civ. No. 20-275, 2020 WL 6163142, at *9 (S.D. Ala. Oct. 21, 2020); *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.*, Civ. No. 20-2939, 2020 WL 5938755, at *5-6 (N.D. Ga. Oct. 6, 2020); *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's London*, Civ. No. 20-1605-T-30AEP, slip op. at *5 (M.D. Fl. Sept. 28, 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, Civ. No. 20-3213, 2020 WL 5525171, at *5 (N.D. Cal. Sept. 14, 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, Civ. No. 20-907, 2020 WL 5500221, at *6 (S.D. Cal. Sept. 11, 2020); *Turek Enters., Inc. v. State Farm Mut. Auto. Ins.*, 484 F. Supp. 3d 492, 502 (E.D. Mich. 2020); *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 836 (C.D. Cal. 2020); *Malaube, LLC v. Greenwich Ins. Co.*, Civ. No. 20-22615, 2020

**CONCLUSION**

Defendant's Motion to Dismiss is **GRANTED with prejudice**. An appropriate order follows.

   /s/ Susan D. Wigenton      
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.

---

WL 5051581, at *8 (S.D. Fla. Aug. 26, 2020); *Diesel Barbershop v. State Farm Lloyds*, 479 F. Supp. 3d 353, 360 (W.D. Tex. 2020).